```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BALAJI NAGARAJ,

                        Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           18-CV-4748(JS)(AYS)

SANDATA TECHNOLOGIES, LLC,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Thomas Ricotta, Esq.
                    Ricotta & Marks, P.C.
                    31-10 37th Avenue, Suite 401
                    Long Island City, New York 11101

For Defendant:      Carolyn D. Richmond, Esq.
                    Bryn Fuller Goodman, Esq.
                    Fox Rothschild LLP
                    101 Park Avenue, 17th Floor
                    New York, New York 10178
```

SEYBERT, District Judge:

Plaintiff Balaji Nagaraj ("Plaintiff") commenced this action against defendant Sandata Technologies, LLC ("Defendant") asserting claims under 42 U.S.C. § 1981 ("Section 1981"), among others. By Report and Recommendation ("R&R") dated June 16, 2020, Magistrate Judge Anne Y. Shields recommended that the Court grant in part and deny in part Defendant's motion to dismiss Plaintiff's Second Amended Complaint. (R&R, D.E. 33; Mot., D.E. 24; Sec. Am. Compl., D.E. 19.) Defendant timely filed objections. (Obj., D.E. 34; Obj. Opp., D.E. 35; Reply, D.E. 36.) For the following

reasons, Defendant's objections are OVERRULED, the R&R is ADOPTED, and Defendant's motion is GRANTED in part and DENIED in part.

BACKGROUND

The Court presumes the parties' familiarity with the factual background as set forth in the R&R. In brief, in August 2004, Plaintiff, who is a South Asian male of Indian descent, began working for Defendant as a Unix Database Administrator. (Sec. Am. Compl. ¶ 5.) Defendant sponsored Plaintiff for a green card under category EB3, even though he met the qualifications for a green card under EB2. (Id. ¶¶ 7-8.) After discovering the discrepancy, Defendant refused to change the sponsorship category until Plaintiff raised the issue with Defendant's President. (Id. ¶ 9.)

While working for Defendant, Plaintiff consistently received "average" to "above average" performance evaluations. (Id. ¶ 10.) Frank Duci ("Duci"), a Caucasian male, supervised Plaintiff until Duci's promotion in 2009 when David Meyer ("Meyer"), another Caucasian male, became Plaintiff's supervisor. (Id. ¶¶ 11-12.) Plaintiff alleges that Duci and Meyer verbally harassed and targeted him on the basis of his South Asian race. (Id. ¶ 13.) For example, Duci accused Plaintiff of being an "Arab terrorist" and making statements such as: "You are into bombing; are you going to bomb [Defendant]?" (Id. ¶ 14.) Duci also accused Plaintiff of wearing a "bomb belt" to work and asked "why his people blow themselves up." (Id.) Plaintiff confronted Duci and

explained that he is of Indian ancestry and not Muslim but Duci continued to "torment" Plaintiff with humiliating remarks, such as calling him a terrorist or "slumdog." (Id. ¶¶ 15-19.)

Plaintiff also alleges that Duci treated him differently than his similarly situated non-South Asian coworkers. For instance, Duci recorded every time Plaintiff arrived late to work while ignoring those instances that non-South Asian employees arrived late. (Id. ¶¶ 20-22.) Additionally, as compared to his coworkers, Plaintiff was denied promotions and raises. (Id. ¶¶ 25-26.) For example, around April 2014, Plaintiff asked for a raise after his co-worker resigned thereby increasing Plaintiff's workload. (Id. ¶¶ 24-25.) Duci acknowledged the extra work and promised a $10,000 bonus and a four or five percent raise and not a promotion because a promotion would "raise red flags." (Id. ¶ 25.) In December 2014, Plaintiff worked on a large project and asked for a raise. Duci again claimed that a raise would raise "red flags" and promised Plaintiff a bonus. (Id. ¶ 26.)

In April 2015, Plaintiff complained to Defendant's Chief Technical Officer, Barbara Ann, about Duci's discriminatory actions. (Id. ¶ 31.) In May 2015, he addressed Duci's conduct with the Chief Executive Officer, Tom Underwood. (Id. ¶ 32.) Neither Barbara Ann nor Tom Underwood responded to the complaints. (Id. ¶¶ 31-32.) Nonetheless, Plaintiff continued to work for Defendant. However, he never received as large of a raise as Duci

3

promised despite a positive performance evaluation in May 2015. (Id. ¶ 29.) Plaintiff's mental health deteriorated as a result of the "caustic environment" and he was not able to care for his family. (Id. ¶ 36.) Consequentially, Plaintiff resigned in June 2015. (Id. ¶ 35.)

## PROCEDURAL HISTORY

Plaintiff commenced this action on August 22, 2018 and filed an Amended Complaint on January 24, 2019 asserting claims for discrimination and retaliation on the basis of his race and national origin in violation of Section 1981. (Compl., D.E. 1; Am. Compl., D.E. 10.) Upon referral from this Court, on July 8, 2019, Judge Shields issued a report and recommendation recommending that the Court grant Defendant's motion to dismiss the Amended Complaint. (First Mot., D.E. 12; First R&R, D.E. 18.) Judge Shields determined that the majority of Plaintiff's Section 1981 claims are time-barred. (See First R&R at 7 ("All [discrete acts of discrimination and retaliation] occurred prior to August 22, 2014 and, for the reasons set forth above, are time-barred.").) As for the remaining Section 1981 claims, Judge Shields recommended dismissal because the "Amended Complaint fails to link [the non-time-barred acts] to any alleged[] discriminatory intent on the part of Defendant." (First R&R at 7.) Neither parties lodged objections and this Court adopted the First R&R on August 6, 2019. (See Aug. 6, 2019 Elec. Order.) In the Adoption Order, the Court

4

permitted Plaintiff to file a Second Amended Complaint with "respect to those parts of the [Section 1981] claim that are not time-barred." (Id.)

Plaintiff filed a Second Amended Complaint on August 20, 2019 and asserted a single cause of action for discrimination on the basis of race in violation of Section 1981. This motion followed on December 6, 2019, which was referred to Judge Shields on April 7, 2020 for a report and recommendation. As relevant here, Judge Shields found that "the only acts alleged in the [Second] Amended Complaint that are not time-barred" are: (1) "the less-than-expected raise and bonus that Plaintiff received in May 2015" (the "Raise and Bonus Claim"); (2) "complaints of discriminatory treatment to the CTO and CEO in April and May 2015" (the "Complaints Claim"); and (3) Plaintiff's "eventual resignation on June 5, 2015, which Plaintiff alleges constitutes a constructive discharge" (the "Resignation Claim"). (R&R at 7.)

Judge Shields noted that "[w]hile Plaintiff does not include a separate cause of action alleging a hostile work environment, the facts set forth in the Second Amended Complaint clearly aim to assert such a claim." (Id. at 7 n.3.) As such, she determined that the Raise and Bonus Claim "is alleged in support of Plaintiff's disparate treatment claim," while the Complaints and Resignation Claims "appear to allege a hostile work environment." (Id. at 7.) Judge Shields recommended dismissal of

5

the Raise and Bonus Claim because the Second Amended Complaint failed to plausibly allege that the acts were "the result of discrimination." (Id. at 8.) As for the Complaints and Resignation Claims, Judge Shields recommended that the Second Amended Complaint states "a plausible claim for race discrimination based on a hostile work environment." (R&R at 10.)

## ANALYSIS

I. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72. The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." FED. R. CIV. P. 72(b)(3); Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted).

II. Discussion

Defendant first argues that the Court should reject Judge Shields' recommendation that Plaintiff plausibly stated a claim for hostile work environment because "Plaintiff neither pleads nor argues that race discrimination based on a hostile work environment exists." (Obj. at 3.) However, "[u]nder Fed. R. Civ. P. 15(b), a district court may consider claims outside those raised

6

in the pleadings so long as doing so does not cause prejudice." Cruz v. Coach Stores, Inc., 202 F.3d 560, 569 (2d Cir. 2000), superseded on other grounds by N.Y.C. Local L. No. 85 (enacted 2005). Defendant does not argue that it is prejudiced by the Court's consideration of the hostile work environment claim and the Court does not find any. Indeed, "Defendant has been aware since the outset of this litigation," M.V.B. Collision, Inc. v. Allstate Ins. Co., 728 F. Supp. 2d 205, 214 n.8 (E.D.N.Y. 2010), that Plaintiff is "asserting a claim of race discrimination, along with a claim of national origin" and that "prior complaints in this action also included allegations of a hostile work environment" (R&R at 10 n.4 & 11). Accordingly, this objection is OVERRULED.

Next, Defendant argues that Plaintiff's Section 1981 claim based on a theory of hostile work environment should be rejected because the allegations of discrimination are based on national origin and not race. (Obj. at 4-6.) Judge Shields found that "Plaintiff's claim that Duci subjected him to a hostile work environment by calling him derogatory names and ridiculing the way he speaks clearly falls within the realm of a Section 1981 race discrimination claim" because "Section 1981 has been held to encompass 'discrimination based on ancestry or ethnic characteristics as well.'" (R&R at 10 (quoting Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998)). Although Defendant attempts to

7

conclusively establish that certain conduct or phrases constitute national origin discrimination (and not race discrimination), "race and national origin claims may overlap, and 'the line between discrimination on account of race and discrimination on account of national origin may be so thin as to be indiscernible.'" Delly v. H.I.R.E. Inc., No. 04-CV-1481, 2004 WL 2297821, at *6 (E.D.N.Y. Oct. 13, 2004) (quoting Adames v. Mitsubishi Bank, Ltd., 751 F. Supp. 1548, 1558-9 (S.D.N.Y. 1990)). Thus, "[b]ecause of the often subtle overlap of race and national origin, however, [the Court] cannot say, as a matter of law, that some portion of the discrimination that [Plaintiff] allegedly faced was not based upon race." Id. at *7 (citing Adames for the proposition that "parties should have opportunity to offer evidence when tracing the demarcation between race and national origin"). Accordingly, the Court agrees with Judge Shields that "there is enough alleged to survive a motion to dismiss the claim of a hostile work environment" based, at least in part, upon race discrimination. See also Nwachukwu v. Liberty Bank, No. 16-CV-0704, 2017 WL 5013231, at *2 (D. Conn. Nov. 2, 2017) (denying motion to dismiss Section 1981 claim noting that "discrimination based upon national origin alone cannot support a claim . . . [b]ut what Plaintiff alleges here is a form of racial discrimination informed by prejudice towards African-Americans of Nigerian Origin") (emphasis

8

in original)); see id. at *3 (collecting cases). Defendant's objections are therefore OVERRULED.[1]

Finally, Defendant argues that Judge Shields erred in finding that Plaintiff alleged severe and pervasive conduct in support of his hostile work environment claim. (Obj. at 6-7.) "However, a plaintiff need not prove all [ ] elements [of a hostile work environment claim] at the pleading stage." Falcon v. City Univ. of New York, 263 F. Supp. 3d 416, 30 (E.D.N.Y. 2017). "Ultimately, to avoid dismissal under FRCP 12(b)(6), a plaintiff need only plead facts sufficient to support the conclusion that she [or he] was faced with 'harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her [or his] employment altered for the worse.'" Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (quoting Terry v. Ashcroft, 336 F.3d 128, 148 (2d Cir. 2003)). With this in mind, the Court agrees with Judge Shields that "while Plaintiff may face an uphill battle on summary judgment or at trial given the sporadic instances" as alleged, "at this juncture, there is enough alleged to survive a motion to dismiss." (R&R at 10.) Accordingly, Defendant's objections are OVERRULED.

---

[1] For the same reasons, Defendant's objection that Judge Shields erred in finding that the alleged race-based discrimination was the "but-for" causation is OVERRULED. (See Obj. at 7-8.)

9

CONCLUSION

For the reasons stated, the R&R (D.E. 33) is ADOPTED, Defendant's objections (D.E. 34) are OVERRULED, and Defendant's motion to dismiss (D.E. 24) is GRANTED in part and DENIED as part. Plaintiff's claim of disparate treatment under Section 1981 is DISMISSED and Plaintiff may proceed on his claim of a hostile work environment based on race discrimination culminating in a constrictive discharge.

SO ORDERED.

/s/   JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   November __3__, 2020
         Central Islip, New York